IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEROY RUBEN MORALES, SR.,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

Case No. 3:10-CV-0011-AC

FINDINGS AND RECOMMENDATION

Allison M. Clark, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger, Attorney General
Andrew Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions for Robbery, Burglary, and other related crimes. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On October 16, 1998, the Clackamas County Grand Jury indicted petitioner on two counts of Robbery in the First Degree, two counts of Robbery in the Second Degree, Burglary in the First Degree, Aggravated Theft in the First Degree, and Felon in Possession of a Firearm. Respondent's Exhibit 102. A jury found petitioner guilty on all counts and the trial court sentenced him to 240 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal in which he challenged the legality of Oregon's mandatory minimum sentencing scheme, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Morales*, 173 Or. App. 298, 21 P.3d 665, *rev. denied*, 332 Or. 240, 28 P.3d 1175 (2001).

Petitioner next filed for post-conviction relief ("PCR") in Marion County, where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 125-126, 129. The Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court denied review. *Morales v. Czerniak*, 229 Or. App. 740, 213 P.3d 875, *rev. denied*, 347 Or. 446, 223 P.3d 1054 (2009).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on January 6, 2010 raising four grounds for relief which the court summarizes as follows:

2 - FINDINGS AND RECOMMENDATION

> 1. The trial court erred when it imposed consecutive sentences where: (a) the facts of petitioner's case did not support consecutive sentences; and (b) the trial judge made the findings necessary to support the imposition of consecutive sentences where such findings are only properly made by a jury;
>
> 2. Trial counsel failed to properly prepare for trial and object to mid-trial witness-to-witness communication;
>
> 3. Petitioner was not brought to trial within 60 days as required under Oregon law; and
>
> 4. The trial court failed to properly instruct the jury.

Respondent asks the court to deny relief on the Petition because none of petitioner's grounds for relief were fairly presented to the Oregon Supreme Court, and they are now procedurally defaulted. Respondent further argues that the claim of ineffective assistance of counsel argued in petitioner's briefing is not contained in the operative pleading and is therefore not properly before the court for its consideration.

## DISCUSSION

### I. Interpretation of Ground One

Petitioner advises the court that he "wishes to proceed with Ground One of his habeas corpus petition and does not submit arguments on the remaining grounds submitted in his *pro se* habeas petition." Memo in Support (#28), p. 1. According to petitioner, the Ground One claim in his Petition for Writ of Habeas Corpus alleges that direct appellate counsel was constitutionally ineffective for failing to challenge petitioner's consecutive Robbery and Burglary sentences.

Ground One states exactly as follows:

3 - FINDINGS AND RECOMMENDATION

> **Ground One**: Illegal Sentance/Excessive Sentance – Per Apprendi/Ring Blakely vs. Washington, 542 US, 124 Sct. 2531, 159 L Ed 2d. 1403 (2004). State v. Ice, 2007 W.L. 2949148* 16n.7.
>
> **Supporting Facts**: I outlined this at co-defendant's sentencing heiring on July 19, 1999. Case No. 98-2229 Transcript pg. 21 Line 6,7,8,9 – due to the fact's one crime spree done within seconds of each other, one sentence not consecutive. "Same criminal episode" means crime's that are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge. State v. Kautz, 179 Or. App. 458, 466-67, 39 P3d 937, rev den 334 Or 327 (2002).

Petition for Writ of Habeas Corpus (#2), p. 6.

Even under a liberal construction of the *pro se* Petition, nowhere in Ground One does petitioner allege ineffective assistance of counsel of any kind, and nowhere among any of his grounds for relief does he allege that appellate counsel was ineffective in any respect. Instead, Ground One raises a due process challenge to the imposition of petitioner's consecutive sentences for Robbery and Burglary based upon two separate theories. First, petitioner appears to assert that his Burglary and Robbery were so closely linked in time, type, and circumstance that Oregon law does not allow the imposition of consecutive sentences.[1]

Second, Ground One appears to allege that the imposition of consecutive sentences violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), *State v. Ice*, 343 Or. 248, 170 P.3d 1049 (2007), and *Ring v. Arizona*, 536 U.S. 584 (2002). All of these cases stand for the proposition that the Sixth Amendment requires a jury, not a judge, to find the facts necessary to enhance or otherwise extend a criminal sentence. Most applicable of these cited opinions to petitioner's case is the Oregon Supreme Court's decision in *Ice* wherein it determined

---

[1] Petitioner's citation to *State v. Kautz*, 179 Or. App. 458, 39 P.3d 937 (2002), supports this interpretation. *Kautz* was a direct appellate case addressing a claim of trial court error during sentencing and clearly did not involve a claim of ineffective assistance of appellate counsel..

4 - FINDINGS AND RECOMMENDATION

that the imposition of consecutive sentences increased "the quantum of punishment" imposed, therefore the findings necessary to impose consecutive sentences must be proven to a jury beyond a reasonable doubt in order to satisfy a criminal defendant's Sixth Amendment right to trial by jury. *Ice*, 343 Or. at 264-65.[2] These cases in no way suggest a challenge to the effectiveness of petitioner's appellate attorney, and all indications within Ground One suggest only that petitioner is attempting to raise, at most, two claims of trial court error during his sentencing.[3]

Petitioner urges the court to consider a portion of Section 11(c)(5) of his Petition as a specific ground for habeas corpus relief. Specifically, petitioner represented that he filed a PCR petition in Marion County which included a claim that appellate counsel was ineffective for failing to assign error to petitioner's allegedly illegal sentence. *Id* at 5. Section 11(c)(5), however, deals only with petitioner's procedural history in the state courts, something that is relevant only to questions of exhaustion, procedural default, and perhaps timeliness. It is neither intended nor appropriate to read that procedural history into the grounds for relief presented in Section 12 of the Petition, the portion of the pleading which directs petitioner to state his grounds for habeas corpus relief. This is especially true where petitioner has identified specific grounds for relief in Section 12 of his Petition that he wishes the court to address. To read Ground One as an ineffective assistance of appellate counsel claim would improperly require the court to simply ignore the due process claims petitioner actually presents.

---

[2] The United States Supreme Court subsequently reversed this decision, holding that the Sixth Amendment does not prohibit judges from finding the facts necessary to impose consecutive sentences. *Oregon v. Ice*, 129 S. Ct. 711 (2009).

[3] Indeed, petitioner asserts that the claim raised within Ground One of his Petition is identical to the claim raised during his co-defendant's sentencing. Petition (#2), p. 6. It is not possible to raise an ineffective assistance of appellate counsel claim during a sentencing hearing.

5 - FINDINGS AND RECOMMENDATION

The court also notes that it appointed the Federal Public Defender's Office to represent petitioner only six days after receiving the *pro se* Petition. Even if counsel's appointment does not relieve the court of its obligation to construe the *pro se* pleading liberally, a liberal construction of the Petition for Writ of Habeas Corpus still does not raise the ineffective assistance of appellate counsel claim petitioner argues in his briefing. As a result, the claim is not properly before the court and should not be considered.[4] *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

## II. Exhaustion and Procedural Default

Respondent argues that the grounds for relief contained in the Petition for Writ of Habeas Corpus were not fairly presented to Oregon's state courts and are now procedurally defaulted. Despite bearing the burden of proof in this proceeding, *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002), petitioner has not addressed this argument in any of his briefing, nor has he attempted to argue the merits of his four grounds for relief. The court has nevertheless reviewed petitioner's claims and, for the reasons set forth below, determined that most of them are procedurally defaulted.

### A. Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner

---

[4] If counsel wished to argue a claim not contained in the Petition, she should have endeavored to amend the pleading.

6 - FINDINGS AND RECOMMENDATION

satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### B.   Analysis

Petitioner's Grounds One, Three, and Four all raise claims of trial court error which should have been presented to the Oregon state courts during direct review. *Palmer v. State*, 318 Or. 352, 354, 867 P.2d 1368 (1994). However, petitioner raised only a single claim on direct review, a claim that is distinct from any of the claims he presents here: whether Oregon's mandatory minimum sentencing scheme violates the U.S. Constitution's republican form of government requirement and petitioner's right to equal protection. Because that challenge does not correspond to any of the grounds for relief in the Petition for Writ of Habeas Corpus, petitioner failed to fairly present

7 - FINDINGS AND RECOMMENDATION

Grounds One, Three, and Four to the Oregon state courts. As petitioner can no longer raise these claims in state court, they are procedurally defaulted.

Petitioner's two remaining claims are found within Ground Two wherein he alleges that trial counsel failed to adequately prepare for trial and object to mid-trial witness-to-witness communication. Claims of ineffective assistance of counsel in Oregon must be raised during a PCR action. *State v. Dell*, 156 Or. App. 184, 188, 967 P.2d 507, 509 (1998). A review of the PCR record reveals that petitioner did not fault trial counsel's preparation in his Appellant's Brief, Supplemental *Pro Se* Appellant's Brief, Petition for Review, or Supplemental *Pro Se* Petition for Review. Respondent's Exhibits 130, 131, 133, 134. Thus, he failed to fairly present this claim. As petitioner can no longer raise this claim in the state courts, it is procedurally defaulted.

Contrary to respondent's assertion, however, petitioner did specifically raise an ineffective assistance of counsel claim to the Oregon Court of Appeals and the Oregon Supreme Court during his PCR proceedings in which he argued that counsel failed to properly address witness-to-witness communication which occurred during the course of his trial. Respondent's Exhibits 131, 134. As such, petitioner fairly presented this claim and the court will adjudicate it on the merits below.

### III.  The Merits

#### A.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed

8 - FINDINGS AND RECOMMENDATION

correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Because the PCR trial court did not make any specific findings regarding the claim at issue, the court independently reviews the record.

///

///

9 - FINDINGS AND RECOMMENDATION

B. <u>Analysis</u>

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

Not only does petitioner fail to meet his burden of proof – he offers no argument in support of his ineffective assistance of counsel claim – a review of the record reveals that the claim lacks merit. During his state PCR proceedings, petitioner appeared to argue that trial counsel was constitutionally ineffective for failing to address the mid-trial communications which allegedly took place between prosecution witnesses in the hallway outside the courtroom. Respondent's Exhibit 131, p. 3. According to petitioner, he and his co-defendant personally presented this issue to the trial judge when they asked him to place a bailiff outside the courtroom to keep the State's witnesses

10 - FINDINGS AND RECOMMENDATION

from conferring with each other. *Id.* According to petitioner, the trial judge denied this request on the basis that he had no control over any actions taking place outside his courtroom. *Id.* There is no evidence in the record that petitioner ever established the existence of any improper communications between the prosecution's witnesses. In addition, petitioner did not identify how trial counsel could have framed an objection any differently than the objection petitioner and his co-defendant presented directly to the trial judge. In light of these deficiencies as well as the trial judge's alleged refusal to address any issues outside his courtroom, it is difficult to conclude that counsel's performance fell below an objective standard of reasonableness, or that the result of petitioner's trial would have been different had counsel lodged a formal objection. Accordingly, upon an independent review of the record, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 3rd day of July, 2012.

John V. Acosta
United States Magistrate Judge